E. J. BLAKE, *Appellant,* v. GEORGE GUNKEY, *Appellee.*

No. 17,829.

SYLLABUS BY THE COURT.

CONTRACT—*Between Real-estate Agents—Commissions Divided.* If B. and G., who were severally engaged in inducing people to purchase Texas land, agree to divide commissions received upon sales thereafter made by either of them in the course of such business, and G. received commissions in consideration of his having brought purchasers to Texas agents who made a sale and paid over the commissions, B. is entitled to a share of the commissions according to the agreement without proving that the sale was made through the instrumentality of either B. or G. as the primary and procuring cause.

Appeal from Smith district court. Opinion filed December 7, 1912. Reversed.

*E. J. Blake,* of Gaylord, and *Mahin, Mahin & Mahin,* of Smith Center, for the appellant.

*L. C. Uhl & Son,* of Smith Center, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This action is to recover one-half of the commissions received by the appellee on the sale of Texas land in pursuance of an alleged agreement to divide commissions received by either party in that business.

The evidence of the appellant tends to prove that the parties, who reside at Gaylord, in this state, having been severally engaged in inducing persons to purchase Texas land, agreed that they would work to-. gether in that business and divide commissions on resulting sales, after deducting expenses. The appellee proceeded to Texas with a party who bought a section of land there. A firm of real-estate agents in Texas, through whom the sale was made, paid $640 to the appellee, in pursuance of a written agreement made after the contract of sale had been executed, but before the land had been paid for. This agreement recited the fact that the appellee had brought the purchasers to the Texas firm, in consideration of which they agreed to pay him the commission.

The appellee admits that he received the money, but offered evidence tending to prove that the appellant had no part in the business, that no joint venture had been undertaken nor agreement made to divide commissions.

The case was submitted to the jury upon this conflicting evidence and a verdict was returned for the defendant. The appellant alleges error in the instructions, precluding the jury from finding in his favor, however they might find upon the evidence concerning the existence of an agreement between the parties.

The following instruction was given:

"If you believe from the greater weight of all the evidence that the plaintiff and the defendant agreed to work together for the sale of the land under the

18–88 KAN.

contract, if any, as Plaintiff claims, and while such contract, if any, was in force a sale of land contemplated by the contract, if there was a contract, was made through the instrumentality of either the plaintiff or the defendant, or both of them, operating as the primary and procuring cause, each one would in such case be entitled to one-half of all the commission after deducting the expenses and so received from the sale of such land; but before the plaintiff can recover for any part of such commission, it must be shown by the greater weight of the evidence that the contract as alleged by Plaintiff, was entered into between the parties, and that the sale, if any, was brought about, or in some manner caused or induced by the efforts of the plaintiff or the defendant or both, operating as the primary and procuring cause thereof."

In other instructions the jury were informed that the plaintiff could not recover in any event unless the jury found that the sale was caused by the appellee as the procuring cause.

The appellee accompanied the party making the purchase to Texas; the Texas firm conceded that he was entitled to the commission and paid it in pursuance of their agreement to do so. In this situation the question whether the appellee was the procuring cause is not open, and the commission received in these circumstances should be divided according to the agreement, if an agreement existed.

The instructions complained of were prejudicial, since they prevented a recovery even if the jury should find that an agreement existed as claimed by appellant, unless the jury should also find for the appellant upon an entirely immaterial matter. The argument of the appellee in this court is upon the question of fact concerning the existence of the alleged agreement, but that must be left to a jury, properly instructed.

Because of erroneous instructions, the judgment is reversed with directions to grant a new trial.